In the Matter of the Last Will and Testament of FRANK O. BERRY, Deceased.

Surrogate's Court, Madison County, December 24, 1924.

Wills — construction — bequest of use of personal property to nephew and niece until their children should reach majority — at majority of children, children living were to have equal share of estate — said bequest suspends absolute ownership of personal property in violation of Personal Property Law, § 11.

A bequest of the use of personal property to the nephew and niece of the testator until the children of the nephew and niece reach majority, at which time the principal of the estate is to be divided equally among the children then living, which provides further that in case there shall be no surviving children of the nephew and niece at the time of the death of the testator then the entire bequest shall go to the nephew and niece absolutely, violates section 11 of the Personal Property Law prohibiting the suspension of absolute ownership of personal property during a longer period than the continuance of two lives in being, since the testator was survived by his nephew and niece and their three minor children, who at the time of the execution of the will were twenty-nine, thirty-one, six, four and two years of age, respectively, and since it is provided that as each child reaches his majority there is to be a read.ustment of the shares, according to the number then living.

The children of the nephew and niece did not take a vested estate subject only to the use thereof by their parents, since the will provides for after-born children and since the person to whom the estate will ultimately pass and the event on which it is limited to take effect are uncertain, and, furthermore, no person is in being who would have the immediate right of possession on the determination of all the precedent estates.

PROCEEDING for construction of will.

*Wm. L. Burke,* for the petitioner.

*Frank R. Lennox,* special guardian.

Surrogate's Court, Madison County, December, 1924.     [Vol. 124

SENN, S.:

This is a proceeding brought by the petitioners, Henry Richmond Berry and Alma Nash Berry, for a judicial determination as to the validity of the following portion of the last will and testament of Frank O. Berry, deceased, being the residuary clause, viz.:

" I also bequeath to my nephew Henry Richmond Berry and my niece Alma Nash Berry the use of property of whatever name and nature until such time as the children of said Henry Richmond Berry and Alma Nash Berry reach his or her majority when each child in turn shall receive a portion absolute as there are children then surviving for example there are now three, each one at legal age shall receive one-third absolute should there be more each one receives an equal share and should there be less, each one receives an equal share with these exceptions, viz:

" To my Grand Nephew George Willard Berry, 2nd, I bequeath my diamond ring.

" To my Grand Nephew Henry Richmond Berry Jr. I bequeath my diamond pin.

" To my Grand Nephew Richard Nash Berry I bequeath my watch and chains.

" Henry Richmond Berry Sr. to have use of these three last named bequests until the aforesaid children shall come of proper age to receive them.

" Henry R. Berry Sr. or Alma Nash Berry shall be the judge when that proper age shall be. If there be no surviving children of Henry Richmond Berry and Alma Nash Berry at my decease I bequeath my property absolute to Henry R. Berry and Alma N. Berry or either surviving one."

Testator left him surviving George W. Berry, a half brother, his only heir at law or next of kin. Henry Richmond Berry and Alma Nash Berry, named in the will, are husband and wife, and have three minor children, the same who are named in the will, and they were living at the time of testator's decease. At the time when the will was made they were respectively six, four and two years of age. The age of their father was then twenty-nine years and their mother thirty-one years. Their father, the said Henry Richmond Berry, is the son and only child of said George W. Berry, and is in business with him. At the time of his decease and for many years next prior thereto, the testator, who was unmarried, lived and made his home with his brother and in his family, they so living together on terms of perfect amity and as becoming to the relation of brothers.

The entire estate consists of personal property. It is suggested by the petition that the portion of the will under consideration

may be invalid under section 11 of the Personal Property Law, as suspending the absolute ownership of personal property for a longer period than during the continuance of two lives in being at the death of the testator.

There is no question but that the possession and enjoyment of the property in question was attempted to be suspended for a term not measured by or limited to two lives in being at the time of testator's decease, for it is well settled that a suspension during a minority is equivalent to a possible suspension during a life (*Jennings* v. *Jennings*, 7 N. Y. 547; *Benedict* v. *Webb*, 98 id. 460; *Matter of Butterfield*, 133 id. 473; *Jacoby* v. *Jacoby*, 188 id. 124, 129), and that a suspension which by any possibility can be continued beyond two lives in being at testator's decease, violates the rule. (*Schettler* v. *Smith*, 41 N. Y. 328; *Knox* v. *Jones*, 47 id. 389; *Herzog* v. *Title Guarantee & Trust Co.*, 177 id. 86; *Central Trust Co.* v. *Egleston*, 185 id. 23; *Matter of Wilcox*, 194 id. 288; *Matter of Hitchcock*, 222 id. 57.)

Under the will in question there is a possibility that his portion of the estate, whether the whole or a part, will be kept from the youngest of the grandnephews for a longer period than that of two lives, that is to say, if the oldest two should die before respectively coming of age.

It is, therefore, necessary to determine whether the vesting of the estate or only its possession and enjoyment is postponed.

" A future estate   *   *   *   is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates.   It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain." (Real Prop. Law, § 40.)

The rules of law relating to vested or contingent remainders in real property apply to bequests of personalty. (*Stringer* v. *Young*, 191 N. Y. 157.)   This is the general rule.   But its application may be affected by the one difference in regard to suspensions, which permits the absolute power of alienation of real estate to be suspended for two lives and a minority. (Real Prop. Law, § 42; *Manice* v. *Manice*, 43 N. Y. 303, 374.)

If it can reasonably be deduced from the will that the intent was to make them owners in common, each being vested at testator's decease of an equal undivided interest, they to be deprived of the income only during their respective minorities, then there is no suspension of the absolute ownership, for each would have a vested and alienable interest.

After a careful study of the will I am unable to reach any other

conclusion than that the testator intended that only such of the grandnephews as should attain to the age of twenty-one years should share in the estate. He seems quite explicit on this point, indicating that as each reaches his majority there is to be a readjustment of the shares, according to the number then living. In this regard it would appear that he meant to let in after-born children, the direction for a division being quite similar to that in *Dougherty* v. *Thompson* (167 N. Y. 472), where a sum was given in trust, $700 per annum of the income of the same payable to testator's nephew, William D. Thompson, Jr., and the residue of the income to Josephine, the wife of said William D. Thompson, Jr., for the support of herself and her children during their minority, " and as each child attains the age of twenty-one, he or she shall be entitled to receive one equal share of such surplus of income above $700 per annum, the same being divided into as many equal shares as there shall be children of the said William D. Thompson, Jr., and Josephine, his wife, and one more share for the said Josephine, which she shall be entitled to receive for her own use during her own life, after the said children shall have attained the age of twenty-one." This trust was to terminate on the death of said William and Josephine Thompson and the corpus given to their children then living and the issue of any who should have deceased. The court held this to be, as to the income, a provision letting in after-born children, requiring a readjustment as each came of age so that " the number making the divisor may change by birth or death." It was held that the provisions did not create vested interests in the income in question, but it was upheld for the reason that the whole trust was to terminate after the decease of both parents and so within two lives.

I am convinced that the testator intended to provide for after-born children as well as those who should survive him, because, as in *Dougherty* v. *Thompson* (*supra*) he provides for a readjustment of the shares as each in turn becomes of age, the divisor to change with the number then living. The respective ages of the children when the will was made, the age of the youngest, the age of the parents, in other words the probability of more children being born, must have been considered by the testator.

The special guardian insists that what might otherwise appear in the will as favoring this proposition is negatived by the words " If there be no surviving children of Henry Richmond Berry and Alma Nash Berry at my decease I bequeath my property absolutely to Henry R. Berry and Alma N. Berry, or either surviving one."

Recognizing the force of the contention, I believe the words quoted are entirely consistent with the intent to provide for after-

born children. In the very improbable event that none of the three children living at the time the will was made had survived the testator, who was then upwards of seventy years of age and in failing health, he naturally would not have wanted the estate to be held until it could be determined whether there were to be more children. On the other hand, if any survived him, it would probably be known before the last of these came of age, whether there were to be more and how many.

Under the circumstances there is no vested estate in the three children, because the person to whom the estate will ultimately pass and the event on which it is limited to take effect are uncertain. Neither is there any person in being who would have an immediate right of possession on the determination of all the precedent estates.

I am aware of the line of cases holding that where nothing is interposed between a minor and his enjoyment of an estate except his own minority, the estate is vested (*Manice* v. *Manice*, 43 N. Y. 303, 374), especially when, during such minority, the accruing rents and profits are given to the minor. (*Van Brunt* v. *Van Brunt*, 111 N. Y. 178, 187; *Robert* v. *Corning*, 89 id. 225, 241.) In such a case the gift of the intermediate income indicates an intention to vest the corpus from which the income is to be derived. In the case at bar the income is given to others. It must continue during the minority or minorities of the infants and cannot, consistently with the will, be sooner terminated. Therefore, there is something interposed between the minors and their enjoyment of their estate besides their own minority, namely, the absolute use given to their parents, which cannot be terminated during their minority, unless by the death of the parents, without destroying the will in one of its most essential features. Again, as to all but the oldest, there is interposed his minority, and as to the youngest, there is interposed the minority of the other two. So that, independent of whether it was intended that after-born children were to participate in the distribution of the corpus, the interests given the infants are not vested.

In view of the foregoing I hold that the will did suspend the absolute ownership of personal property for a possibly longer period than during the continuance of two lives in being at the death of the testator.

In interpreting this will I have made due allowance for the probable fact that the will was not drawn by a lawyer and have not been guided by technical canons of construction, such as the so-called " divide and pay over rule," nor attached undue importance to adverbs of time such as " until," " then," " when," etc., but have sought to seek out and ascertain the true intent of the testator.

As stated in *Fulton Trust Co.* v. *Phillips* (218 N. Y. 573, 582), rules of construction are for the sole purpose of ascertaining the intention of the testator, and if the intention is clear and manifest it must control, regardless of all rules that have been formed for determining their construction. It is a settled rule that if futurity is annexed to the substance of the gift the vesting of the title is suspended, but if the gift is absolute and the time for payment only is postponed, the gift is not suspended but the title vests at once. (*Fulton Trust Co.* v. *Phillips, supra.*)

In the case at bar futurity is clearly annexed to the substance of the bequests to the grandchildren, and the absolute ownership of the personal property bequeathed is unlawfully suspended for a term not measured by two lives in being at the time of testator's decease. The bequest of income to Henry and Alma Berry would be legal if considered by itself, but is so interwoven with the illegal bequests, so essential a part of the general testamentary scheme, that it cannot be separated therefrom without destroying the testamentary plan, and so must fall with the same. Neither can the legacies to the children be accelerated, *first,* because not vested; *second,* because it would destroy the income legacy to Frank and Alma, which is an essential feature of the will.

It must, therefore, be held that the residuary clause of the will is illegal and of no effect and that the testator died intestate as to all the property it includes, except, of course, that this does not include the articles specifically given to the grandnephews, which is not residuary although set forth in that part of the will.

Let a decree be prepared accordingly.