## In the Matter of the CONSTRUCTION of the Will of KATHERINE R. NEILL, Deceased.

Surrogate's Court, New York County, May 10, 1949.

*Harry Edwards* for Cornelius C. Moore and another, as successor trustees under the will of Katherine R. Neill, deceased, and others, petitioners.

*Benjamin Gassman,* special guardian for Michael S. de L. Neill, an infant, respondent.

FRANKENTHALER, S. This proceeding is brought to construe the wills of a donor and a donee of a testamentary power of appointment. The applicants also seek a determination of the effect of an *inter vivos* conveyance of real property by a donee under the original will to the trustees thereunder, prior to the issuance to them of letters of trusteeship in this State.

The donor in her will provided: " Fourth: I give, devise and bequeath all the residue of my estate * * * to the said Edward M. Neill * * * in trust * * * [for] my said husband Edward M. Neill, during the term of his natural life, and after his decease, equally between and among my said daughters and their respective issue until the decease of the survivor, and thereupon to convey, pay over, transfer and deliver, discharged of the trust, one-half part of the trust estate to such persons as each of my said daughters shall by last will and testament, or instrument in the nature thereof, appoint to receive the same, and in default of such appointment, to the persons who shall then be my heirs-at-law, per stirpes."

The testatrix died domiciled in Rhode Island, survived by two daughters, her husband having predeceased her. Part of the trust corpus consisted of real property situated in New York City and the validity and effect of the trust as to this property is governed by the law of this State (Decedent Estate Law, § 47).

One of the donees has died without issue, and has appointed her interest in the assets in trust for her adopted son, Maurice, and his infant son, Michael, for the life of Maurice, with remainder to Michael, subject to divestment upon his failure to attain majority. Applicants herein seek a determination that the appointment, as read in connection with the original will, is valid and not in conflict with the rule against perpetuities (Real Property Law, § 42).

The life of the deceased husband of the donor is not, of course, considered in determining the period of suspension of ownership, he having died before the original will took effect (*Bishop* v. *Bishop,* 257 N. Y. 40; *Tallman* v. *Tallman,* 3 Misc. 465). With that life omitted, there remain to be considered the lives of the two daughters and the life beneficiary of the appointive assets.

The primary trusts for the two daughters are valid. The donor, moreover, clearly indicated that the daughters were to

have separate interests in the trust assets, although the assets were to be administered together (*Stevenson* v. *Lesley,* 70 N. Y. 512; *Wells* v. *Wells,* 88 N. Y. 323; *Allen* v. *Allen,* 149 N. Y. 280; *Matter of Mount,* 185 N. Y. 162; *Matter of Purdy,* 133 Misc. 217). Each was to have an equal share of the income for her life, with a general power to appoint by will her equal and separate share of the assets. The intention of the donor, therefore, was to create severable interests in the trust for each daughter, limited on the life of each daughter respectively (*Matter of Horner,* 237 N. Y. 489).

The testatrix also indicated, however, that the property should not pass until the death of the survivor of the two daughters. That is, the absolute vesting in possession and enjoyment was to be postponed until the death of the surviving donee, pending which an interstitial gift was created. To this extent the property, reading the two wills together (Real Property Law, § 178), would be suspended for a period greater than the two permissible lives. The Surrogate finds, however, that the survivorship gift was subordinate to the main purpose of the donor (*Matter of Trevor,* 239 N. Y. 6; *Matter of Perkins,* 245 N. Y. 478; *Oliver* v. *Wells,* 254 N. Y. 451) which was to provide for equality of descent and distribution to the two beneficiaries and their separate appointees (*Matter of Bourne* 64 N. Y. S. 2d 751; *Matter of McMurry,* 81 N. Y. S. 2d 869). The only effect of that clause would be to prevent the assets from passing under the appointment until the death of one not beneficially interested in the property or in its suspension. The survivorship gift to issue may, therefore, be excised without destroying in any way the scheme of the original will (*Oliver* v. *Wells, supra; Matter of Horner, supra; Matter of Bourne, supra*). By this device the court may effectuate the manifest intention of the two decedents. In *Oliver* v. *Wells,* (*supra*) a secondary trust to four named beneficiaries was held valid, in spite of a direction that no part of the corpus should be released until the death of the survivor. The court found an intention to divide and held that the remaining gifts were capable of excision.

The construction indicated insures the equality of distribution desired by the original testatrix and makes unnecessary a reference to the alternative clause in the donor's will, which provides that upon default of appointment, the property shall pass to those persons who are then her heirs. A determination of " heirs " under this clause would necessarily be pursuant to Rhode Island law, the law of the domicile of the donor

(*Matter of Battell*, 286 N. Y. 97; *Carey* v. *Carman*, 116 Misc. 463). The only persons now in existence who could possibly claim as heirs of the donor are the surviving donee-daughter and the adopted child of the deceased donee. However, under Rhode Island law, an adopted child may not inherit or take as heir to the lineal or collateral kindred of the adoptive parents (R. I. Gen. Laws, ch. 420, § 6; *Batcheller-Durkee* v. *Batcheller*, 39 R. I. 45; *Rhode Island Hosp. Trust Co.* v. *Humphrey*, 32 R. I. 318; see, also, *Keegan* v. *Geraghty*, 101 Ill. 26; *Kettell* v. *Baxter*, 50 Misc. 428; *Matter of Burnett*, 219 Pa. 599). Therefore, a holding that the original will suspends ownership for two lives and that the appointment was wholly invalid in that it suspends ownership for a third life would mean that the property would pass to the surviving donee only, as sole heir. Such a construction would completely frustrate the intended equality of descent. However, a simple excision of the survivorship gift will maintain the purpose of the donor. The share of the property subject to the present appointment will therefore pass to the trustees nominated under the donee's will, without a further suspension dependent upon the life of the surviving, disinterested donee (*Matter of Bourne, supra*).

Upon the death of Maurice, one of the life tenants of the trust created by appointment, the principal will vest in the infant remainderman. " A devise of land to an infant, when he shall become of age, with remainder over, if he die under age, creates a vested, and not a contingent, estate in the infant." (*Manice* v. *Manice*, 43 N. Y. 303, 380.) The gift in the donee's will of intermediate rents and profits to the minor during his minority further indicates that a vested estate has been created, with only possession postponed (*Smith* v. *Edwards*, 88 N. Y. 92; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573; *Matter of Trevor, supra; Matter of Berry*, 124 Misc. 145). The trustees are in effect donees of a management power in trust (*Matter of Carroll*, 153 Misc. 649, mod. 247 App. Div. 11) for the benefit of the remainderman during his minority. Should Michael die before his father, or after him but before attaining full age, the property will pass to the executory devisee named in the donee's will. Thus, with respect to the power of appointment, the Surrogate holds that a valid trust was created for Maurice and Michael, for the life of Maurice. At his death, the property will vest in Michael, if living, subject to being managed by the trustees during his minority if he is still a minor, and subject to being divested if he fails to attain his majority.

The second issue concerns the effectiveness of an *inter vivos* grant by the deceased donee to the trustees under the original will, prior to the issuance of letters of trusteeship in this State. The Surrogate holds that the deed transferred title to the trustees, although they had not then been granted letters by this court. The courts of this State have continually held that the capacity and power of a trustee is derived from the instrument creating the trust, that the trustee takes his position by virtue of the donative act of the grantor and not from the authority of the court (*Matter of Ripley,* 101 Misc. 465; *Matter of Jones,* 136 Misc. 122; *Matter of Kennedy,* 62 N. Y. S. 2d 499). The law prescribes the legal restrictions placed upon those who act as fiduciaries, but their status as such comes from the settlor of the property. Therefore the grant of the property was effective to create an estate in persons who were then trustees; the subsequent issuance of letters to them merely confirms their powers and places them under the jurisdiction of the court.

Submit, on notice, decree accordingly.