SCHEB, Judge.
The trial court entered a summary judgment in favor of appellee/plaintiff William Whitney Lavender, Jr. in a suit wherein the plaintiff sought to declare a *89 constructive trust against real estate owned by the appellants/defendants. We reverse.
The essential facts are: the plaintiff’s grandmother, who died in 1959, established a testamentary trust with her son, the plaintiff’s father, as trustee. The trustee, as an individual, was given an undivided one-half interest in the land, and held the other half in trust for the benefit of the plaintiff, a minor born in 1947. In 1965, while the plaintiff was still a minor, the trustee transferred the property to defendants, the grantor having been designated as “William Whitney Lavender, a widower, individually, and as trustee for William Whitney Lavender, Jr.” The consideration paid by defendants was cancellation of a $6,000 personal debt which the trustee owed to defendants, as well as assumption by them of $20,000 in mortgages against the property. The plaintiff learned of the sale a few weeks after it occurred. He attained his majority (then age 21) in May, 1968; however, he did not file this suit until November 26, 1973. The plaintiff’s father who had served as trustee was named as a defendant but no relief was asked against him. Instead, plaintiff asked for a one-half interest in the property, either through a constructive trust against the defendants’ real estate or through reformation of the deed to defendants.
The gravamen of the plaintiff’s complaint is that the defendants conspired with the trustee to acquire trust property in a manner to defraud the plaintiff. In summary judgment posture, the record is devoid of evidence of any such conspiracy; hence, there was no predicate for the court to have entered a summary judgment on that basis. A summary judgment is a procedural device for disposition of actions only where there is no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law. Stringfellow v. State Farm Fire & Casualty Co., Fla.App.2d 1974, 295 So.2d 686; Rule 1.510 RCP.
Patently the case was not eligible for’ summary judgment on basis of the plaintiff having established the elements of his cause of action. The trial judge must have been convinced, however, that since the defendants had purchased the property from a trustee, they were charged with knowledge of the limits of the trustee’s authority, and were under a duty to determine the trustee was acting for the benefit of the trust; and since the defendants satisfied a personal obligation of the trustee by accepting the conveyance, that this was equivalent to the defendants’ participating in a fraudulent scheme to compromise the plaintiff’s interest under the trust.
Not so. The defendants purchased the real estate in question from a trustee under a testamentary trust which expressly authorized sales of real property without court order. Moreover, the trust provisions excused the purchasers from inquiring as to the validity of conveyances or seeing to the application of any purchase money. It- would be improper to equate, as a matter of law, satisfaction of the trustee’s personal obligation with participation by the defendants in any conspiracy to defraud the plaintiff. The trustee owned a one-half interest in the property in his own right. Clearly he had every right to convey such interest.
The trial court supported its entry of a summary judgment on basis of Connelly v. Florida National Bank, Fla.App.2d 1960, 120 So.2d 647. The court sub judice held the defendants were not even entitled to invoke the defense of laches, since this is an action by a trust beneficiary. Con-nelly was tried on an issue of fraud and conversion on the part of the executor Gwynn, with the knowledge and participation of the defendant Connelly. There, this court held that one who participates in a breach of trust should not be allowed to profit by it, and is thereby barred from asserting the statute of limitations as a defense. While Connelly may become appli *90 cable at trial if the evidence establishes fraudulent conspiracy, here a decision to enter a summary judgment on basis of Connelly, was premature for the reasons outlined above.
Finally, we find no merit to plaintiff’s contention that failure on the part of the trustee to have qualified under Ch. 737, Fla.Stat., rendered the trustee’s conveyance void. Chapter 737 sets out certain consequences for failure to comply therewith, but is completely silent as to noncompliance by the trustee affecting the rights of third parties dealing with the trust. While research has not disclosed any Florida cases on this point, other courts have held that a conveyance by a noncomplying trustee is valid, in the absence of express statutory language to the contrary. In Lentz v. Lentz, 1969, 5 N.C.App. 309, 168 S.E.2d 437, the court wrote:
An otherwise valid conveyance by a testamentary trustee is not made void by reason of his failure to first qualify as now required by G.S. § 28-53. The statute does not so provide. A trustee derives his title, powers, and duties from the instrument creating the trust which names him trustee and conveys title to the trust properties to him. See 2 Wiggins, Wills and Administration of Estates in North Carolina, §§ 293, 300. His legal existence is derived from the instrument creating the trust, not from adminicular proceedings relating to qualification, posting bond, etc. “(T)he trustee takes his position by virtue of the donative act of the grantor and not from the authority of the court.” In re Neill’s Estate, 195 Misc. 690, 89 N.Y.S.2d 394; see also, Bogert, Trusts and Trustees 2d, § 151.
Accordingly, the summary judgment is vacated and the cause remanded for proceedings consistent with this opinion.
McNULTY, C. J., and HOBSON, J., concur.