HENDRY, Chief Judge.
Appellants, defendants below, bring this consolidated appeal from two judgments of the trial court, to-wit: a partial summary judgment and a final judgment of foreclosure.
The only question presented for our determination is whether there remained genuine issues of material fact left unresolved, precluding the entrance of summary judgment and subsequent final judgment and foreclosure.
Briefly stated, the facts are as follows: Appellees, trustees of Barnett Mortgage Trust, instituted suit to foreclose upon a mortgage and note executed by appellant Eastland Investment Company and assumed by appellant Palmetto Associates, Ltd. Appellants filed an answer raising the affirmative defenses of usury and negligent disbursements of construction loan funds.
At summary judgment hearing, it was uncontroverted that the principle and interest due on the loans had not been paid, the construction project had been halted and taxes were in arrears. It was also uncon-tradicted that, pursuant to the loan agreement, appellants had undertaken the responsibility of being their own supervising architect and had the duty to insure the quality of workmanship at the construction project before certifying draw requests to appellee for additional disbursements of the construction loan.
Appellants filed affidavits in opposition to summary judgment based upon their aforementioned affirmative defenses. The trial judge was of the opinion that the affidavits and affirmative defenses of ap-pellees were insufficient to preclude entrance of summary judgment. We agree with the trial judge and affirm.
In light of the terms of the construction loan agreement which specified that appellants would insure that the project was completed timely and in accordance with specifications, we find no merit in appellants’ barren allegation that appellees were negligent in not inspecting the construction site before disbursing funds in reliance upon appellants’ certification of draw requests. Cf. Rice v. First Federal Savings and Loan Association of Lake County, 207 So.2d 22 (Fla.2d DCA 1968).
In addition, appellants’ affidavit alleging usury was devoid of any independent calculations evidencing the conclusions expressed therein, as requested by the trial judge. Without such calculations, the affidavit amounted to a bare conclusion and was thus insufficient to generate an issue of material fact, in view of the abundance of evidence furnished by appellees showing a non-usurious interest rate. Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla.1965).
In conclusion, after reviewing the record, all points in the briefs and arguments of counsel, we are convinced that no genuine issue of material fact remained and that appellees were entitled to a summary judgment as a matter of law. Pratt v. Lavender, 319 So.2d 88 (Fla.2d DCA 1975).
Affirmed.