OPINION OF THE COURT
Harold Hyman, J.
Plaintiff commenced this action against all of the defendants named. The defendants Five Counties Ambulance Service, Inc. (Five Counties), and Long Island Jewish-Hillside Medical Center (Long Island Jewish) interposed their respective answers wherein they also cross-claimed against one another. In the cross complaint of Five Counties against Long *156 Island Jewish, it is alleged that there existed an agreement between them whereby Five Counties leased the vehicle to Long Island Jewish; that pursuant to the said lease the employees of Five Counties were under the direct orders, instructions and supervision of Long Island Jewish, other than the chauffeur required for the proper operation of the vehicle; that therefore the responsibility of any damage committed by Five Counties was passive and secondary and that the negligence, if any existed, was that of the defendant Long Island Jewish and the codefendant Denaro; Five Counties sought indemnification from Long Island Jewish and Denaro. Long Island Jewish cross-claimed against Five Counties likewise contending its negligence, if any, was passive and if any negligence existed other than that of the plaintiffs’ own, the negligence was that of Denaro and Five Counties.
At the time of the interposition of the respective answers and cross claims of Five Counties and Long Island Jewish, each were represented by separate counsel. It has now been determined that both Five Counties and Long Island Jewish are insured by the same insurance carrier and they now both seek to amend their respective answers and cross complaints so as to delete such cross complaint against one another and to merely assert contributory negligence or assumption of risk as well as culpable conduct attributable to the plaintiff, as well as for contribution and/or indemnification on their claim over and against the defendant Denaro through the medium of one attorney or one firm of attorneys. The motion of Five Counties and Long Island Jewish is opposed by the plaintiffs who contend that within the contents of the cross complaint of Five Counties as against Long Island Jewish, and Long Island Jewish against Five Counties, there exists an allegation of negligence on the part of the other and that such allegations of negligence constitute admissions on their parts respectively. The contention of the plaintiffs is specious; without merit.
On the other hand, the issue of whether or not the answer of Five counties and that of Long Island Jewish shall be by one attorney or firm of attorneys, is another issue. A determination of liability as against Long Island Jewish in any respect might increase the amount of insurance premium charged to it on future libaility motor vehicle coverage; the same applies as to Five Counties.
In conducting the defense by the insurer, it is the duty of the insurer to act impeccably and in good faith and in a *157 careful and prudent manner (Schwartz v Sar Corp., 19 Misc 2d 660, revd on other grounds 9 AD2d 910), giving to the insured its undivided support (Trader’s & Gen. Ins. Co. v Rudco Oil & Gas Co., 129 F2d 621; Ballard v Ocean Acc. & Guar. Co., 86 F2d 449; Smoot v State Farm Mut. Auto. Ins. Co., 299 F2d 525). What is more, it is the insurer’s duty to conduct the whole defense and to protect the insured, as well as itself, against liability at all stages of the litigation (Smoot v State Farm Mut. Auto. Ins. Co., supra; Ging v American Liberty Ins. Co., 423 F2d 115). In that respect it has been held that an insurer acts as the agent of the insured (Attleboro Mfg. Co. v Frankfort Mar., Acc. & Plate Glass Ins. Co., 240 F 573; Holmes v Hughes, 125 Cal App 290; Merritt v Reserve Ins. Co., 34 Cal App 3d 858).
In the opinion of this court a conflict of interest will arise which might place the insurer in a position where it might be held responsible to its insured, since its acts may subject the conduct of the insurer to closer scrutiny than that of an ordinary agent because of its and its insured’s adverse interests. (Matter of Preferred Acc. Ins. Co. of N. Y., 273 App Div 993.)
It is the opinion of this court, therefore, that the motion for leave to amend the answers of the defendants Five Counties and Long Island Jewish be granted, but to avoid any possibility of conflict of interest, or even suggestion of any conflict of interest, that each defendant be represented by separate counsel, even if they be chosen and paid for their services by the insurance carrier.