PER CURIAM.
Our examination of the record in this matter reveals the following language within the Sales Agreement, not brought to our attention by the parties, which we deem conclusive of the claim that the defendants/appellees fraudulently represented that the real property in question would produce a substantial yield and increase in value in future years:
17. It is agreed that through the instrumentality of Naumann & Associates, Inc., the Purchaser became interested in said property but that Purchaser’s decision to buy was based on his inspection and investigation of the property and not on any statement or representation of said company and it’s associates; and shall not be liable or responsible for failure or default of their principal in carrying out the terms and conditions of this agreement.
We recognize that exculpatory language in an agreement often may not serve as a shield against an intentional tort, Mankap Enterprises, Inc. v. Wells Fargo Alarm Services, 427 So.2d 332 (Fla. 3d DCA 1983), but we find no compelling authority upon which to sustain the view that the expression of an expectancy of financial return equates with a fraudulent or tortious purpose when ultimately the expectancy is not fulfilled. The vagaries of a dynamic economy, especially as they are known to affect real property in Florida, simply will not permit the formulation of a principle that a fraudulent representation will be deemed to have occurred at the moment when the real estate transaction was consummated because of a later decline in property value. Neither Besett v. Basnett, 389 So.2d 995 (Fla.1980), nor our decision in Foxfire Inn of Stuart, Fla. v. Neff, 433 So.2d 1304 (Fla. 2d DCA 1983), requires that result.
The trial court’s judgments are AFFIRMED.
RYDER, C.J., and OTT and FRANK, JJ., concur.