LETTS, Judge.
Time stated to be of the essence in a purchase and sale agreement, the trial court found the actual closing should have been finalized on the date set in the agreement. We reverse.
The agreement called for a closing on Monday, September 5, 1983, which the parties later realized was Labor Day. Accordingly, the buyer’s attorney granted a one day extension until September 6th on which latter date the seller was ready, willing, and able to close. Notwithstanding, the buyer argued that his attorney had no authority to grant the extension and in any *776 case that he adequately revoked it over the Labor Day weekend. Though the trial judge found that neither the buyer nor the seller had defaulted under the agreement, he also found that the buyer was not required to close on September 6th and could recover his deposit because the buyer’s attorney had no authority to grant the extension. We disagree.
Under the facts of this case, it is not necessary to enter into a discussion of whether being one day late for a closing violates a “time is of the essence” clause in a contract because the buyer’s attorney specifically granted an extension and his client is bound by that grant. An attorney acting for his client within the scope of his authority binds his client. Griffith v. Investment Co., 110 So. 271 (Fla.1926). That is not to say that an attorney can play fast and loose with the terms of a written agreement and always bind his client. For example, he could hardly be permitted to reduce the purchase price by fifty percent, as that would not be within the scope of his authority. However, every closing involves some adjustment, some give and take necessary to accomplish the purpose of the closing, that is, to close. A postponement for a few hours or for one day is certainly within the scope of any lawyer’s apparent authority, Benson v. Seestrom, 409 So.2d 172 (Fla. 2d DCA 1982), especially where the date avoided falls on a holiday. Furthermore, as we have already noted, the fact finder concluded that there was no default on the part of the seller.
The record does not reflect that the buyer materially altered his position or was damaged because of reasonable reliance on the original date chosen. On the contrary, the record shows only that he may have used the date change as an excuse not to buy this particular property. However, even if the buyer did reasonably so rely and was damaged by this change of date, he must, under the facts before us, look to his own lawyer for redress. As it stands it would appear that he got the use of the money, necessary to consummate the transaction, for one extra day.
Finally, though not necessary to achieve this result, our entire judicial system makes innumerable exceptions if the last day to officially perform an act falls on a recognized holiday. We see no reason why such an exception would not be applicable under the facts of this case. See for example, Florida Rule of Appellate Procedure 9.420(e).
REVERSED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.