533 So.2d 905 (1988)
Irving LEVITON, Francine Leviton and Notivel Corporation, a Florida Corporation, Appellants,
v.
PHILLY STEAK-OUT, INC. and Philly Steak-Out of America, Inc., Appellees.
No. 88-120.
District Court of Appeal of Florida, Third District.
November 15, 1988.
Paul D. Mark Lucas, Miami, for appellants.
Cohen, Scherer, Cohn & Silverman and Morris G. Miller, North Palm Beach, for appellees.
Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendants [Irving and Francine Leviton and the Notivel Corporation] from an adverse final summary judgment entered in favor of the plaintiffs [Philly Steak-Out, Inc. and Philly Steak-Out of America, Inc.] on (1) the plaintiffs' suit to recover on a promissory note and to foreclose on a security agreement, and (2) the defendants' counterclaim asserting assorted causes of action arising *906 from the transaction involving the subject promissory note. We affirm.
First, the central point raised on appeal is that the trial court committed reversible error in failing to permit the defendants a reasonable time to complete their discovery prior to considering the plaintiffs' motion for summary judgment. We disagree. The defendants had over seven months from the filing of the complaint to the summary judgment hearing and conducted very little discovery during this time, although the plaintiffs were aggressively engaged in their discovery; we think the defendants had ample time to complete their discovery prior to the summary judgment hearing. In any event, the defendants did not request a continuance of the summary judgment hearing so that they could complete their discovery and cannot now be heard to complain that they were not given a reasonable time to complete same. Steiner v. Ciba-Geigny Corp., 364 So.2d 47, 53 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 461 (Fla. 1979); Fuller v. General Motors Corp., 353 So.2d 1236, 1237 (Fla. 3d DCA), cert. denied, 361 So.2d 832 (Fla. 1978); Howard v. Shirmer, 334 So.2d 103, 104 (Fla. 3d DCA 1976); Fla.R.Civ.P. 1.510(f).
Second, we find no merit in the defendants' points that their affirmative defenses and counterclaim were never disproved and that numerous issues of fact remained to be resolved. The affirmative defenses were, in fact, either disproved by the depositions, affidavits, and discovery or were legally insufficient to avoid liability on the subject promissory note and security agreement. No genuine issues of material fact remained in the case as to the defendants' answer, affirmative defenses and counterclaim. See Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979); Harvey Bldg., Inc. v. Haley, 175 So.2d 780, 783 (Fla. 1965); James v. Naumann, 464 So.2d 1260, 1261 (Fla. 2d DCA), rev. denied, 476 So.2d 674 (Fla. 1985); Eastland Inv. Co. v. Baker, 344 So.2d 882, 883 (Fla. 3d DCA), appeal dismissed, 354 So.2d 980 (Fla. 1977).
Third, the remainder of the points raised on appeal have no merit and require no discussion. See Tesini v. Zawistowski, 479 So.2d 775, 776 (Fla. 4th DCA 1985); Central Nat'l Bank v. Muskat Corp., 430 So.2d 957, 958 (Fla. 3d DCA 1983); Sabin v. Lowe's of Fla., Inc., 404 So.2d 772, 773 (Fla. 5th DCA 1981); Serotkin v. Flavin, 111 So.2d 483, 484-85 (Fla. 3d DCA), cert. denied, 115 So.2d 415 (Fla. 1959). The final summary judgment under review is, therefore, in all respects,
AFFIRMED.