982 So.2d 37 (2008)
BUILDING EDUCATION CORP., Appellant,
v.
OCEAN BANK, Appellee.
No. 3D07-1587.
District Court of Appeal of Florida, Third District.
April 9, 2008.
Rehearing and Rehearing Denied June 12, 2008.
*38 Harry A. Payton and Tony L. Stabenow, Miami, for appellant.
Coffey Burlington and Kendall Coffey and Daniel F. Blonsky, Miami, for appellee.
Before SUAREZ, CORTIÑAS, and SALTER, JJ.
Rehearing and Rehearing En Banc Denied June 12, 2008.
SALTER, J.
Building Education Corporation appeals a final summary judgment in favor of Ocean Bank. Building Education alleged that Ocean Bank breached a fiduciary duty when a director of the Bank and other investors purchased Building Education's property at a foreclosure sale. The trial court correctly found no such duty, and we therefore affirm.
*39 Facts and Procedural History
The following facts are as alleged by, and construed in the light most favorable to Building Education. In 2000, Isamar Gutierrez ("Gutierrez") incorporated Building Education to hold and develop a 98-acre parcel in Davie, Florida (the "Property"). The Property was encumbered by a purchase money first mortgage for $3,675,000 held by Culverhouse Investment Properties ("Culverhouse").
Gutierrez, a Venezuelan attorney, was not an experienced developer and had no prior relationship with Ocean Bank. Based on information that Ocean Bank had ties to Venezuela and regularly extended construction financing to projects in South Florida, Gutierrez met on several occasions with Luis Leon, a vice president of corporate lending at Ocean Bank. Gutierrez provided Leon with documents regarding the Property, including various development plans and appraisals. Gutierrez considered these documents to be confidential, but did not obtain a confidentiality agreement regarding them. Gutierrez's architect also attended a meeting with Leon, and Gutierrez and Leon spoke by phone about her plans on other occasions.
Leon and Gutierrez discussed Building Education's initial plan to build an international preparatory school on the Property, a revised plan for residential development, and the prospect that Ocean Bank might be the lender for such a project. Importantly, however, during the entire period of Gutierrez's interactions with Ocean Bank, neither she nor Building Education was a depositor or customer of Ocean Bank. Although Building Education applied to Ocean Bank for a "bridge" loan to cover costs pending a comprehensive development loan, Gutierrez and Building Education did not supply financial information requested by Ocean Bank regarding Gutierrez's husband's and family's assets (to support their guaranty of the prospective loan). No application fee was paid to the bank, and Ocean Bank never issued a written approval of the application. Ocean Bank never issued a letter of intent, a commitment letter, or a loan agreement.
In November 2000, Building Education defaulted on its purchase money mortgage on the Property held by Culverhouse. Building Education and other investors formed a joint venture to raise the necessary funds to reinstate the mortgage (in lieu of attempting an expedited bridge loan with Ocean Bank) as the Property proceeded through foreclosure. The foreclosure sale took place in April 2001, and the Property was purchased by a development group that included Antonio J. Cabrera. Cabrera, a real estate developer in South Florida, was also an outside director of Ocean Bank.
Building Education alleged that Cabrera discussed the Property and development plans before the foreclosure sale with Rolando Delgado, a member of the joint venture organized by Building Education in its effort to raise funds to avert the foreclosure.
About a month after the foreclosure sale, Gutierrez learned of Cabrera's involvement in the purchase. Building Education claims that by using confidential information acquired as a result of his position as a director of Ocean Bank, Cabrera was able to obtain information on the Property that was not available to other buyers. This information allegedly allowed Cabrera's development group to purchase the property at foreclosure and quickly re-sell the Property, realizing a profit of approximately $2,500,000.
Building Education filed its original complaint against Ocean Bank and other defendants, including Cabrera, in July *40 2003. After an amended complaint was filed, Ocean Bank filed a motion to dismiss the amended complaint. In December 2003, Building Education voluntarily dismissed Ocean Bank as a party. In August 2004, however, Building Education served a third amended complaint on Ocean Bank asserting a claim for breach of fiduciary duty. A fourth amended complaint was filed in January 2005, again including the claim against Ocean Bank.
Over two years after that (and almost four years after the lawsuit began), Ocean Bank filed a motion for final summary judgment. The motion was granted, a rehearing was denied, and this appeal followed.
We review the summary judgment de novo to determine whether, after viewing every inference in favor of Building Education, there is any genuine issue of material fact. If not, we must determine whether Ocean Bank is entitled to judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
In this case, Building Education argues that discovery was not complete (such that the motion was considered prematurely) and that triable issues of fact existed regarding Ocean Bank's alleged fiduciary duty.
Analysis
I. Incomplete Discovery
It is "premature for the trial court to award the defendant a summary judgment when the plaintiff, through no fault of its own, had not completed its discovery." Commercial Bank of Kendall v. Heiman, 322 So.2d 564, 564 (Fla. 3d DCA 1975). This rule is meant to allow a party enough time to conduct discovery and develop the facts in order to oppose a motion for summary judgment. It does not, however, allow a party to defer pre-trial discovery for years and then attempt to shoehorn it into a brief period before the hearing on the motion. To the extent that the six-week period between the filing of the motion and the hearing in this case did not permit Building Education to obtain necessary discovery, a motion for continuance of the hearing would have been appropriate. See Fla. R. Civ. P. 1.510(f) (giving the court discretion to order a continuance of a hearing on a motion for summary judgment to allow the party to obtain affidavits or take discovery in order to "present by affidavit facts essential to justify opposition" to the motion); cf. Leviton v. Philly Steak-Out, Inc., 533 So.2d 905, 906 (Fla. 3d DCA 1988) (noting that when a party does not "request a continuance of the summary judgment hearing so that they could complete their discovery," the party "cannot now be heard to complain that they were not given a reasonable time to complete same").
The cases cited by Building Education are readily distinguishable. In this case, Building Education's claims against Ocean Bank commenced almost four years before the motion for summary judgment was filed. The trial court correctly determined that Building Education received a full and fair opportunity to develop its evidence during pretrial discovery.
II. Fiduciary Duty
Building Education next argues that whether a fiduciary duty existed and whether Ocean Bank breached that duty are questions of fact for a jury to decide, precluding summary judgment. We find that no relationship existed between Building Education and Ocean Bank that could, much less did, give rise to a fiduciary duty.
A bank and its customers generally deal at arm's-length as creditor and debtor, and a fiduciary relationship is not *41 presumed. Watkins v. NCNB Nat'l Bank of Fla., Inc., 622 So.2d 1063, 1065 (Fla. 3d DCA 1993). A fiduciary relationship may arise, however, under special circumstances where "the bank knows or has reason to know that the customer is placing trust and confidence in the bank and is relying on the bank so to counsel and inform him." Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 208 (Fla. 3d DCA 2003). These special circumstances include instances where the lender "takes on extra services for a customer, receives any greater economic benefit than from a typical transaction, or exercises extensive control." Id.; see also Barnett Bank of W. Fla. v. Hooper, 498 So.2d 923 (Fla.1986).
While a contractual relationship between the parties is not required to form a fiduciary relationship, a party must be "under a duty to act for or to give advice for the benefit of another upon matters within the scope of that relation." Doe v. Evans, 814 So.2d 370, 374 (Fla.2002) (quoting Restatement (Second) of Torts § 874 cmt. a.) (emphasis added).
In this case, Building Education was only a potential customer of Ocean BankBuilding Education was not a depositor, borrower, or trust department client. The dealings between Building Education and Ocean Bank were preliminary discussions that did not even progress to the point of a completed application package. Building Education did not pay Ocean Bank for any advice, direction, or service.
Building Education correctly asserts that "whether a confidential relationship exists is a determination `for the fact finder to make at trial.'" Gracey v. Eaker, 837 So.2d 348, 354 n. 9 (Fla.2002). However, Gracey also holds that "[t]he existence, vel non, of a duty is a question of law and is appropriate for an appellate court to review." Id. at 354 n. 7. In Gracey, a case involving psychotherapist-patient relationships, a fiduciary duty was imposed under existing Florida law. In this case, there is no such predicate fiduciary duty on the part of a commercial bank discussing a possible future loan relationship with a party apparently interested in becoming a customer or borrower.
Although the absence of a fiduciary relationship and concomitant legal duty are dispositive, we also conclude that the affidavits and deposition excerpts in the record fall far short of establishing that the outside director of Ocean Bank, Mr. Cabrera, obtained any unique information regarding the Property from the documents and commentary allegedly given by Building Education to Mr. Leon of the Bank. The Culverhouse mortgage foreclosure action was of course a matter of public record, as were any existing land use classifications or applications. This shortcoming was an independently sufficient basis for the trial court's ruling.
Conclusion
The fourth amended complaint asserts eleven other counts against the four individual defendants (Mr. Cabrera and the three members of the joint venture formed by Building Education to raise funds to stave off the Culverhouse foreclosure). These claims were not subject to the final summary judgment against Ocean Bank. In the case of the Bank, we find no legal duty owed by the Bank to Building Education on this record, and no triable issue of fact regarding Ocean Bank's alleged misuse of information provided by Building Education.
Affirmed.