CORTIÑAS, J.
Jumbo Cargo, Inc. (“Jumbo”) is a shipper and freight forwarder. Lan Chile, S.A., (“Lan”) pursuant to an Air Waybill, agreed to ship computer parts and cell phones belonging to Jumbo from Miami, *39 Florida to Guarani International Airport in Paraguay (“Guaraní”). The Air Waybill provided that the shipment was to go from Miami to Guarani. There is no dispute that Jumbo delivered the shipment in good condition to Lan’s Miami warehouse. When delivered to Lan, the shipment was in loose cartons. The cartons were then sorted by Lan and arranged by destination. At some point, a Lan employee mistakenly labeled a portion of the shipment with Brazil as its final destination (the “Misdelivered Goods”). Although the rest of Jumbo’s shipment was transported to Guarani, the Misdelivered Goods were eventually delivered to Brazil with no documentation, and were seized by Brazilian Customs. The Misdelivered Goods remain in Brazil and, as conceded by Jumbo, are “lost.”
Jumbo filed suit against Lan seeking actual damages for the Misdelivered Goods in the amount of $105,297.00, plus the airfreight cost in a three-count complaint alleging breach of contract (Count I), negligence (Count II), and conversion (Count III).[1] After hearing motions for summary judgment filed by both parties, the trial court found that Lan’s liability was limited to 17 Special Drawing Rights per kilogram as set forth in the Air Waybill’s limitation of liability provision (the “Limitation Provision”).[2] Accordingly, the trial court granted Jumbo partial summary judgment on Count I as to liability against Lan, and summary judgment against Jumbo as to Counts II and III. Applying the Limitation Provision, the trial court found that Jumbo was “entitled to a Final Judgment for 688.5 kilograms calculated at 17 Special Drawing Rights per kilogram.” The trial court then entered final judgment awarding Jumbo “the sum of $18,479.34 with costs in the sum of $256.00.” This appeal followed.
We review the trial court’s granting of summary judgment de novo. Bldg. Educ. Corp. v. Ocean Bank, 982 So.2d 37, 40 (Fla. 3d DCA 2008); Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir.1998).
Federal law governs an air carrier’s ability to limit its liability for loss of goods during shipment. See Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc., 235 F.3d 53, 59 (2d Cir.2000); T.B.I. Indus. Corp. v. Emery Worldwide, 900 F.Supp. 687, 693 (S.D.N.Y.1995). It is well established that “[i]n construing a contract, the court must give effect to the intent of the parties at the time they contracted.” Blaw-Knox Constr. Equip. Co. v. ALIA: Royal Jordanian Airline, No. 87 C 7866, 1988 WL 53190 at *1 (N.D.Ill. May 13, 1988) (citation omitted). The Air Waybill specified Miami International Airport as the “Airport of Departure” and Guarani as the “Airport of Destination.” The Air Waybill also provided, in part:
It is agreed that the goods described herein are accepted in apparent good order and condition (except as noted) for carriage SUBJECT TO THE CONDITIONS OF CONTRACT ON THE REVERSE HEREOF. ALL GOODS MAY BE CARRIED BY ANY OTHER MEANS INCLUDING ROAD OR ANY OTHER CARRIER UNLESS SPECIFIC CONTRARY INSTRUCTIONS *40 ARE GIVEN HEREON BY [JUMBO], AND [JUMBO] AGREES THAT THE SHIPMENT MAY BE CARRIED VIA INTEREDIATE STOPPING PLACES WHICH THE CARRIER DEEMS APPROPRIATE. [JUMBO’S] ATTENTION IS DRAWN TO THE NOTICE CONCERNING [LAN’S] LIMITATION OF LIABILITY. Jumbo may increase such limitation of liability by declaring a higher value for carriage and paying a supplemental charge,
(emphasis added). The reverse side of the Air Waybill contains the following Limitation Provision:
4. CARRIER’S LIABILITY FOR LOSS, DAMAGE, OR DELAY.
Except as otherwise provided in [Lan’s] conditions of carriage and applicable tariffs, for carriage which neither the Warsaw Convention nor the Montreal Convention does not apply [sic] [Lan’s] liability shall not exceed 17 Special Drawing Rights per kilogram of the per kilogram monetary limit set out in [Lan’s] tariffs or conditions of carriage for cargo lost, damaged or destroyed, unless a higher value is declared by the shipper and a supplementary charge is paid.
(emphasis added).
Provisions limiting an air carrier’s liability for lost cargo are valid and enforceable if they provide the shipping party a reasonable notice of limited liability and a fair opportunity to purchase higher liability. See Kesel v. United Parcel Servs., Inc., 339 F.3d 849 (9th Cir.2003); Read-Rite Corp. v. Burlington Air Express, Ltd., 186 F.3d 1190, 1198 (9th Cir.1999) (“Limited liability provisions are pri-ma facie valid if the face of the ... waybill ... recites the liability limitation and ‘the means to avoid it.’ The burden then shifts to the shipper to prove that it did not have a ‘fair opportunity’ to purchase greater liability coverage.”) (citations omitted); Deiro v. Am. Airlines, Inc., 816 F.2d 1360 (9th Cir.1987). Accordingly, Lan asserts that because Jumbo had reasonable notice of the limitation of liability and had the opportunity of paying a supplementary charge, it is bound by the terms of the Limitation Provision. We agree. The Limitation Provision “applies in the present situation. The provisions refer to cargo that is ‘lost, [or] damaged..,’ and the circumstances here fall within this language.” Hill Constr. Corp. v. Am. Airlines, Inc., 996 F.2d 1315, 1318 (1st Cir.1993). Moreover,
[a] remedial contract clause, such as this one, is designed to take effect precisely where, as here, the carrier has broken the basic carriage contract. As Judge Kaufman pointed out more than [sixty] years ago,
Only in a case of misdelivery, negligent injury, loss or similar misfortune does a valuation clause come into use. Hence the Federal courts have rightly held that the limitation of liability clause is designed for and does survive a breach of the contract of carriage.
Id. (quoting Lichten v. E. Air Lines, Inc., 87 F.Supp. 691, 697 (S.D.N.Y.1949)). Here, Jumbo has admitted that the Misde-livered Goods are considered “lost.” The Limitation Provision, on its face, applies to damages for goods which are “lost, damaged, or destroyed.” There is nothing in the record to indicate that Jumbo challenged the validity of the Limitation Provision with respect to not having proper notice or the opportunity to procure higher liability at an additional cost. Furthermore, for purposes of finding an exception to the Limitation Provision, we do not find, nor do the parties cite, any cases distinguishing goods which are mislabeled and misdelivered in the course of transport, *41 such as the ones here, from cargo that is simply “lost” in the course of air carriage. Accordingly, we affirm the final judgment and affirm on all other points on appeal.
Affirmed.

. There is no dispute that the actual damages incurred by Jumbo for the loss of the Misde-livered Goods is $105,297.00.

. Jumbo argued before the trial court that the Warsaw and Montreal Conventions were inapplicable to the present case. The trial court specifically found that Lan “is not entitled to limit its liability under Warsaw or the Montreal Convention.” Neither party appealed this finding. As such, we do not address the applicability of these conventions here on appeal.