SUAREZ, J.
The University of Miami (“UM”) appeals an order granting final summary judgment in favor of Great American Assurance Company (“Great American”) in a declaratory action for indemnification of attorney’s fees and costs based on breach of a policy of insurance and bad faith. We reverse the final summary judgment in favor of Great American and, based on the facts of the UM claim, find that UM is entitled to be indemnified for attorney’s fees and costs incurred in this action.
UM was an additional named insured on a Great American commercial general liability policy insuring MagiCamp, which ran a summer swim camp for kids using the pool on the campus of UM. On July 18, 2000, Daniel Seguróla, a four-year-old child, was enrolled as a camper at Magi-Camp. He was pulled, unresponsive, from the bottom of the pool and was hospitalized with extensive injuries. His parents sued both MagiCamp and UM claiming the injuries were due to lack of supervision of the campers at the UM pool and that both, MagiCamp and UM, were each directly negligent, and UM also vicariously negligent, for the lack of supervision. Great American retained the services of one law firm to represent both MagiCamp and UM. MagiCamp filed an answer and affirmative defenses alleging that there was an intervening or superseding act, not under the control of MagiCamp, which caused the injuries, and that the resulting damages were caused, in whole or in part, by the fault of persons or entities other than MagiCamp. It is important to note that the only other entity being sued was UM. MagiCamp requested apportionment of damages based on the percentage of fault of the respective defendants and claimed it was entitled to indemnification and contribution from UM for the damages.[1] The commercial general liability policy included a condition that the rights or duties applicable to the first named insured, Magi-Camp, applied as if each named insured were the only named insured and applied separately to each insured against whom a *506 claim was made.[2]
On February 12, 2001, the same day that MagiCamp filed its answer and affirmative defenses, UM advised Great American, by way of letter, that there was a conflict of interest in the single representation of both MagiCamp and UM, and UM demanded independent counsel of UM’s choice. The letter stated that any negligence which occurred was due to the negligence of MagiCamp and not UM. The insurer took the position that there was no conflict of interest in providing single counsel in the representation of both Magi-Camp, as a named insured, and UM, as an additional insured. The insurer refused to provide separate independent counsel for UM. UM retained its own counsel to protect its interest and, after the case was settled, brought this indemnification declaratory action requesting declaration by the trial court that Great American had breached its contractual duty to UM by refusing to provide separate and independent counsel. The declaratory action sought indemnification for the costs of UM’s defense, including attorney’s fees. In its answer and affirmative defenses, Great American asserted that it had no contractual, legal or professional obligation to provide separate and independent counsel to UM. Both sides moved for summary judgment.[3] After significant litigation, and following mediation, cross motions for summary judgment were renewed. Great American took the position that, because MagiCamp was contractually bound to indemnify and hold harmless UM for any liability arising out of the use of its facilities by MagiCamp, there could be no conflict of interest in its single representation by counsel. The trial court granted Great American’s motion for final summary judgment and denied UM’s request for indemnification of attorney’s fees and costs.
An appellate court reviews a summary judgment de novo to determine whether, after viewing every inference in favor of the non-moving party, there is any genuine issue of material fact; if not, the appellate court must determine whether the moving party is entitled to judgment as a matter of law. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000); Building Educ. Corp. v. Ocean Bank, 982 So.2d 37 (Fla. 3d DCA 2008).
UM argued below and contends on appeal that there was a conflict of interest between MagiCamp and UM, as evidenced by the allegations in the pleadings, whereby the plaintiffs claimed both MagiCamp and UM were directly negligent and, whereby each defendant alleged that it was relieved of its separate responsibility for damages due to the negligence of the other defendant.
The precise question presented by this appeal and these facts has not been answered directly in Florida. Simply stated, the question presented is whether in this factual scenario, where both the insured and the additional insured have been sued, and the allegations claim that each is directly negligent for the injuries sustained, *507 a conflict between the insured and the additional named insured exists that would require the insurer to provide separate and independent counsel for each. We answer the question affirmatively.
The duty of an insurance company to participate in an action and defend is determined by the allegations in the complaint. New Amsterdam Cas. Co. v. Knowles, 95 So.2d 413 (Fla.1957); Fed. Ins. Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979). An insurer’s conflict of interest in the duty to defend is determined properly on summary judgment. See All-Star Ins. Corp. v. Steel Bar, Inc., 324 F.Supp. 160 (N.D.Ind.1971).
UM relies on the following authorities, contending that Great American breached its duty under the policy to provide independent and separate counsel where there exists a conflict of interest between the insureds: See, e.g., Williams v. Am. Country Ins. Co., 359 Ill.App.3d 128, 295 Ull.Dec. 765, 833 N.E.2d 971, 980 (2005) (holding that a policy exclusion for intentional acts of an agent under the doctrine of respon-deat superior creates a conflict of interest with co-defendants requiring separate counsel where “it would be in [one co-defendant’s] best interest to present a defense that he was an agent of [the other co-defendant], while it would be in [the other co-defendant’s] best interest to establish the exact opposite”); Wolpaw v. Gen. Accident Ins. Co. v. Parker, McCay & Criscuolo, 272 N.J.Super. 41, 639 A.2d 338, 340 (1994) (holding that liability insurer violates its contractual duty and must retain separate and independent counsel for insured’s co-defendant where interests conflict in “maximizing the percentage of the other insured’s fault and minimizing their own” and the risk of judgment exceeds the policy limit); Bituminous Ins. Cos. v. Pa. Mfrs.’ Ass’n Ins. Co., 427 F.Supp. 539 (E.D.Pa.1976) (holding that an insured is entitled to reimbursement from its insurer based on its duty to defend because of the insured’s conflict with its co-defendant, reasoning that each defendant may attempt to absolve itself from liability by alleging the damage was caused solely by the negligence of the other). We agree with UM’s position.[4] Although no question of coverage or excess policy limits, upon which to base a conflict of interest, exists in this case, since coverage has been agreed to by the parties, the pleadings and record evidence on summary judgment create a conflict, not on coverage, but on legal defenses based upon the record facts.
In the case before us, there exists a conflict in the co-defendants’ legal defenses, based on the allegations of the complaint, that each defendant is directly liable, and the allegations in the answer and affirmative defenses set forth by Magi-Camp and UM. MagiCamp answered and asserted the affirmative defense that, as alleged, through no fault of its own, but through the fault of another entity, UM, the minor camper was injured, for which it was entitled to indemnification and contribution; and conversely, UM presented its position by way of letter, that, through no fault of its own, but through the fault of MagiCamp, the camper was injured. These allegations create diverse legal positions that are inherently adverse. These conflicting legal positions presented in defense to individual active negligence claims against MagiCamp and UM exist separate and apart from issues of coverage or ex *508 cess policy limits.[5] In this case, single defense counsel was provided by Great American to defend both MagiCamp and UM and to present adverse legal theories. There exists no factual dispute, as evidenced by the record, that, in defense of both co-defendants, Great American’s counsel would have had to argue conflicting legal positions, that each of its clients was not at fault, and the other was, even to the extent of claiming indemnification and contribution for the other’s fault. In so doing, legal counsel would have had to necessarily imply blame to one co-defendant to the detriment of the other. On these facts, we believe this legal dilemma clearly created a conflict of interest between the legal defenses of the common insureds sufficient to qualify for indemnification for attorney’s fees and costs for independent counsel. Graci v. Denaro, 98 Misc.2d 155, 413 N.Y.S.2d 607 (N.Y.Sup.Ct.1979); 14 Couch on Ins. § 202.24 (3d ed. 2012).
Therefore, summary judgment in favor of Great American on the issue of indemnification of attorney’s fees and costs for independent counsel is reversed.
Reversed and remanded.
WELLS, C.J., concurs.

. MagiCamp's Answer and Affirmative Defenses asserted claims for indemnification and contribution from UM as follows:
If Plaintiff was injured or damaged as alleged, however, such injuries and damages were caused in whole or in part by the fault, neglect and/or want of care of persons or entities other than Defendants, and therefore Defendants are entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

.
SECTION IV — COMMERCIAL GENERAL LIABILITY CONDITIONS
* * *
7. Separation of Insureds
Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the First Named insured, this insurance applies:
a. As if each Named Insured were the only Named Insured; and
b. Separately to each insured against whom claim is made or "suit” is brought.

. The trial judge ruled that the motions were premature, denying them without prejudice to reinstituting them at the close of litigation.

. We reject Great American’s position that the hold harmless agreement between MagiCamp and UM negates a conflict of interest between the two defendants which would necessitate appointment of separate co-counsel.

. The dissent attempts to draw a distinction in cases where a conflict of interest was created by coverage or policy limit issues. Conflicts created by coverage or policy limit issues are not the issue in this appeal. The conflict in this case is created by the adverse legal positions one attorney must take in representing two different defendants.