# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0595
Lower Tribunal No. 19-9254-CA-01
_____

**Moshe Zuchaer and Monique Zuchaer,**
Appellants,

vs.

**Peninsula Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Simmons Law Group, and Theron C. Simmons (Fort Lauderdale), for appellants.

Mansfield Bronstein & Stone, LLP, and Ronnie Bronstein and Robert J. Mansen (Fort Lauderdale), for appellee.

Before LINDSEY, GORDO and GOODEN, JJ.

GOODEN, J.

Appellants Moshe and Monique Zuchaer challenge the final summary judgment entered in favor of Appellee Peninsula Condominium Association. We affirm the trial court's ruling but write to explain why the Zuchaers' argument regarding outstanding discovery fails.

Although this Court previously reversed a final default judgment against them and remanded the case in September 2022, the Zuchaers waited eleven months to serve discovery. See Zuchaer v. Peninsula Condo. Ass'n Inc., 348 So. 3d 1201, 1202 (Fla. 3d DCA 2022). When the Association responded with a motion for a protective order, the Zuchaers failed to set the motion for hearing or seek to compel responses. See Fla. R. Civ. P. 1.340(a)(10); Fla. R. Civ. P. 1.350(b)(9); Fla. R. Civ. P. 1.370(a); Fla. R. Civ. P. 1.380(a). Ten months passed.

The Association moved for summary judgment. In response, the Zuchaers asserted that the outstanding discovery prevented entry thereof. But the Zuchaers never sought a continuance of the hearing or took the appropriate steps to delay consideration so they could obtain that discovery.[1] See Fla. R. Civ. P. 1.510(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its

---

[1] The trial court also ruled that the pending discovery was not relevant to the issue in the case—what caused the water intrusion in the condominium unit. See Fla. R. Civ. P. 1.280(c)(1).

2

opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."); Steiner v. Ciba-Geigy Corp., 364 So. 2d 47, 53 (Fla. 3d DCA 1978) (explaining party "having failed to follow the rule even to move for a continuance of the hearing on the motion, may not claim error in the appellate court because the trial judge proceeded as provided by the rules.").

A party cannot shield themselves from summary judgment by citing outstanding discovery that he or she failed to diligently pursue. See Cong. Park Off. Condos II, LLC v. First-Citizens Bank & Tr. Co., 105 So. 3d 602, 608 (Fla. 4th DCA 2013) ("A trial court does not abuse its discretion in granting a motion for summary judgment, despite the pendency of discovery, where the non-moving party has failed to act diligently in taking advantage of discovery opportunities."); Leviton v. Philly Steak-Out, Inc., 533 So. 2d 905, 906 (Fla. 3d DCA 1988) ("In any event, the defendants did not request a continuance of the summary judgment hearing so that they could complete their discovery and cannot now be heard to complain that they were not given a reasonable time to complete same."). Litigants bear an affirmative obligation to advance their cases and resolve discovery disputes. They must use the tools available to them under the Florida Rules of Civil Procedure.

One cannot simply sit on his or her hands and expect a stalemate to last forever.

Because the Zuchaers failed to diligently pursue discovery and did not seek relief under Florida Rule of Civil Procedure 1.510(d), the trial court did not abuse its discretion by proceeding with the hearing and entering summary judgment. See De Los Angeles v. Winn-Dixie Stores, Inc., 326 So. 3d 811, 813 (Fla. 3d DCA 2021).

Affirmed.